on the original judgment, he is excluded from show-ing, perhaps, a full satisfaction, till he applies to the court for relief, and during that period is deprived of his liberty.

*Per Curiam.* In *Brantingham's* case we certainly did depart from the *English* practice. We there allow-ed, on a rule to show cause, the being charged in ex-ecution subsequent to notice of the application, to be shown as a reason for denying the *supersedeas.* The court proceeded there on the idea, that the statute gave the plaintiff a right of electing to have execu-tion against the body, or the goods ; and that he was not obliged to manifest this election till called on. The present case is not of that description ; the sta-tute was only to prevent double executions. The plaintiff has elected to relinquish the person of his debtor, who, having been once actually superseded, must continue so, and the plaintiff shall never have liberty again to resort to his first judgment. Let the defendant, therefore, be discharged, but without costs.

### *Coles, Titford and Brooks* v. *James Thompson.*

BOYD moved for judgment, as in case of nonsuit, for not going to trial, on an affidavit, that the cause was at issue in *September*, 1802, noticed for trial in *November* following, and has not since been noticed.

An affidavit, contra, was read on the part of the plaintiff, stating, that on the 9th of last *March*, a com-mission issued to *London* to examine witnesses on his

behalf, which had not been returned, but was daily expected.

*Per Curiam.* In the cause of *Juhel* v. *The United Insurance Company, October* term, 1801, we held, that three months was a sufficient time for executing and returning a commission *arrived* in *London.* In *Miller and Graham* v. *De Peyster and Charlton, January* term, 1803, it was decided, that where a plaintiff has delayed his own cause by a commission, and it does not appear that due diligence has been used, the defendant may apply for a rule for nonsuit, and compel the plaintiff to stipulate or be nonsuited, as if no commission had issued. In the present case, it does not appear, that the plaintiff has used due diligence in causing his commission to be executed, as eight months elapsed between suing it out and the sittings. Unless, therefore, he stipulate, the motion must be granted.

### Shuter v. Richard S. Hallett.

A VERDICT had been obtained, in this cause, against the defendant, on which a case had been made, and a judge's certificate of probable cause duly granted.

*D. A. Ogden,* on an affidavit by the plaintiff stating his fear of losing his debt, from the circumstances of the defendant, moved to have the amount recovered brought into court.

*Pendleton,* contra, cited *Hallett* v. *Cotton, ante,* p. 150.